HOBSON, Judge.
This unusual case has had a long and interesting career through the courts. The first written opinion which came out of this court appears as Reyes v. Kelly, Fla.App.1967, 204 So.2d 534. It then went to the Supreme Court of Florida and appears in 224 So.2d 303. The unusual facts may be ascertained from a reading of the two above-cited opinions; therefore, it is not necessary to reiterate in detail the factual situation. However, a brief summary of *880 the facts will assist the reader when reading this opinion.
The appellant was originally arrested on a warrant charging murder in the first degree. Thereafter, on advice of counsel and with consent of the state’s attorney he plead guilty to murder in the second degree. The court, after satisfying itself that the plea was free and voluntary and not infected with any vices, questioned the appellant concerning the details of the offense. Upon such interrogation the court felt that the appellant might have acted in self-defense and refused to accept the plea. Thereafter, the state’s attorney nol-prossed the information for murder in the second degree and procured from the grand jury an indictment for murder in the first degree. It was in this posture that this case first came here in an original proceeding for writ of prohibition against the trial of appellant on the indictment charging first degree murder.[1] This court denied the writ for the reason that jeopardy had not attached when appellant plead guilty to the information charging murder in the second degree.
The holding of this court was quashed by the Supreme Court of Florida in 224 So.2d 303 when it held:
“The District Court in its opinion we think correctly summed up the situation when it said: ‘[Tjhat barrier [former jeopardy] can only be invoked when such plea, whether of guilty or not guilty, is followed by some judicial labor which, either expressly or impliedly, recognizes or acts upon such plea in the judicial sense’ (emphasis added). When the trial court determined — as it unquestionably did from its examination of the defendant, counsel for the defendant and the state’s attorney — that this plea of guilty met all judicial requirements as hereinabove discussed, and then proceeded to question the defendant concerning the events out of which the homicide arose, such subsequent examination was the equivalent of a judicial acceptance of the guilty plea and was authorized only for the purpose of determining the nature and extent of the judgment and sentence to be imposed.”
The Supreme Court further held that jeopardy having attached to the charge of second degree murder, the action of the state’s attorney in nol-prossing such information and procuring an indictment from the grand jury of a charge of murder in the first degree was wholly invalid.
Upon directions from the Supreme Court, this court issued its rule absolute in prohibition against the prosecution of the appellant under the indictment for murder in the first degree.
At this posture of the case the appellant appeared before the trial judge and moved that his plea of guilty to the charge of second degree murder be withdrawn and a plea of not guilty entered thereon. The basis for the motion to withdraw the plea of guilty was that the trial court had found that the plea was not entered freely and voluntarily. This question was put to rest by the Supreme Court of Florida in 224 So.2d 303. The trial court proceeded to enter judgment and sentence upon the plea of guilty to second degree murder. This appeal ensued and the appellant now contends that the trial court erred in denying his motion to withdraw his plea of guilty to the second degree murder charge.
From the outset the appellant contended that his plea of guilty to the second degree murder information was free and voluntary and made with full knowledge of consequences without promises, threats or duress. He convinced the Supreme Court of Florida that this was in fact true and that the trial judge had accepted his plea. Now, at this juncture of the case, after he cannot be tried on murder in the first degree, he wishes to do a complete turnabout and convince the courts that his original plea of guilty was not free and voluntary. This question, as previously stated, has *881 been put to rest by the Supreme Court of Florida.
The appellant contends that under the mandate of the Supreme Court of Florida the trial court has the discretion to allow him to withdraw his plea of guilty and go to trial on the charge of second degree murder. The Supreme Court in its opinion stated:
“ * * * Although the problem is apparently without direct precedent, we think that the plea of guilty in this situation is correctly afforded the effect of a jury verdict, * *
If the plea of guilty in this instance is to be given the effect of a jury verdict, there is nothing left to do in this case except what the trial judge did do, that is, to enter judgment and sentence.
For the foregoing reasons the judgment and sentence appealed is affirmed.
Affirmed.
LILES, A. C. J., and McNULTY, J., concur.

. 204 So.2d 534.